**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Hamimulhaq Zarifi,** | **Case No. 4:26-cv-00397-PAB** |
| **Petitioner,** | |
| **-vs-** | |
| | **JUDGE PAMELA A. BARKER** |
| **ICE,** | |
| **Respondent.** | **MEMORANDUM OPINION & ORDER** |

Currently pending before the Court is Respondent's Motion to Dismiss.  (Doc. No. 6.) Petitioner has not filed an Opposition.  For the following reasons, Respondent's Motion to Dismiss is granted.  The Petition is dismissed without prejudice.

I.      **Background**

On February 17, 2026, Petitioner filed his Petition pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  Therein, Petitioner alleges that, on July 22, 2025, he was ordered to be removed to Afghanistan. (*Id.* at PageID #6.)  Petitioner, alluding to *Zadvydas v. Davis*, 533 U.S. 678 (2001), further alleges that he has "been detained by ICE for over 180 days, which has exceeded [the] time limitation." (*Id.* at PageID #2.)

On April 7, 2026, Respondent filed the Motion to Dismiss.  (Doc. No. 6.)  Therein, Respondent asserts that "Petitioner is no longer in ICE custody" because "[h]e was released from custody on April 6, 2026, pending his removal from the United States." (Doc. No. 6-1, PageID #22.) Attached to the Motion to Dismiss is an Order to Detain or Release Alien, which indicates that, on April 6, 2026, Petitioner was ordered to be released from custody.  (Doc. No. 6-2.)  According to Respondent, because Petitioner was released from custody, this Court lacks subject matter

jurisdiction over the petition.  (Doc. No. 6-1, PageID #25.)

## II.  Analysis

"A district court generally lacks jurisdiction over a petitioner's habeas claim under 28 U.S.C. § 2241 if the petitioner is not in custody."  *Ashqar v. Larose*, No. 4:18 CV 1141, 2019 U.S. Dist. LEXIS 69572, at *22 (N.D. Ohio Mar. 26, 2019) (citing *Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990)).  "A petitioner's release from custody generally renders his habeas petition moot," but "[i]n exceptional cases, a petition may escape mootness if the released petitioner can show that he will likely suffer some future collateral consequence stemming from his detention, or that the case is 'capable of repetition, yet evading review.'"  *Nian v. Garland*, No. 3:22-cv-00778-PAB, 2023 U.S. Dist. LEXIS 22700, at *3 (N.D. Ohio Jan. 18, 2023) (citing *Lane v. Williams*, 455 U.S. 624, 633–34 (1982)), *adopted by* (Feb. 9, 2023) (Barker, J.).

Here, Petitioner has been released from government custody, and he has not alleged that he will suffer any collateral consequences because of his detention or that his case is capable of repetition, yet evading review. Accordingly, this case no longer presents a live case or controversy, rendering it moot. The Court thus lacks jurisdiction over the Petition.

## III.  Conclusion

For the reasons set forth herein, Respondent's Motion to Dismiss (Doc. No. 6) is granted. This case is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

           s/Pamela A. Barker
           PAMELA A. BARKER
Date:  May 18, 2026          U. S. DISTRICT JUDGE

2